IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANASTACIA HOWZE, | )<br>) |
| Plaintiff, | )<br>)   2:16-CV-01298-MRH |
| vs. | )<br>)<br>) |
| CITY OF PITTSBURGH, | )<br>) |
| Defendant, | ) |

**MEMORANDUM ORDER**[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

## I. INTRODUCTION

Presently pending before the court is Plaintiff's motion for leave to amend her complaint (ECF No. 112). The motion is fully briefed and ripe for consideration. For the reasons that follow, the motion is GRANTED.

## II. BACKGROUND

As a preliminary matter, the court's exasperation and disbelief with counsels'[2] conduct in this case is well documented.[3] This employment discrimination case was commenced over three years ago on August 25, 2016. In response to a motion to dismiss filed by the Defendant, Plaintiff

---

[1] The pending motion is one for leave to amend the complaint and is therefore nondispositive and a magistrate judge may enter an order on the matter rather than a report and recommendation. *Patel v. Meridian Health System, Inc.*, 666 Fed. Appx. 133, 136 (3d Cir. 2016) (unpublished) (citing *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) ) ("A motion for leave to amend is not among those matters listed as dispositive. We have held that a motion for leave to amend is nondispositive.").

[2] The court notes, however, that present counsel for Defendant became of record approximately three months ago and as such they are not included in the court's sentiment.

[3] *See* Minute Entry of 6/6/2019 (ECF Nos. 87); Order of 6/7/2019 (ECF No. 88).

1

filed her first amended complaint on April 20, 2017. Defendants renewed their motion to dismiss and sought dismissal of certain claims because Plaintiff had not yet exhausted those claims through the administrative process. Agreeing with Defendant, in December 2017, the court dismissed certain claims "without prejudice for plaintiff to seek leave to reinstate th[o]se claims following the completion of the administrative process." Memo. Order (ECF No. 35 at 2). Among the claims dismissed without prejudice with leave to seek leave to reassert following exhaustion were Counts VIII and IX, which were premised on allegations of Defendant's alleged failure to accommodate subsequent to Plaintiff's fall and injury in September 2015 and "premised upon EEOC Charges filed since the filing of the original complaint[.]" Am. Compl. (ECF No. 22) at ¶¶ 75, 82.

The claims that remained after the Defendant's motion to dismiss related to Defendant's alleged workplace discrimination and hostile work environment based upon Plaintiff's race and gender. Defendant filed an answer to the amended complaint on January 29, 2018. (ECF No. 45). In response to Counts VIII and IX related to the failure to accommodate claims, the answer stated "[d]ismissed per 12/28/17 Court Order." *Id.* at ¶¶ 74-87.

On February 2, 2018, Plaintiff received an EEOC right-to-sue letter for Plaintiff's April 7, 2017 EEOC charge, the subject matter of which included Counts VIII and IX in her amended complaint related to an alleged failure to accommodate. The court held an initial case management conference on March 13, 2018. That same day, the court entered a case management order, ordering that pleadings be amended by April 1, 2018 and ordering the commencement of discovery. While the court granted numerous motions for extension of time to complete discovery, Plaintiff never sought additional time to amend the pleadings nor did she seek to amend her complaint in accordance with the court order.

On February 2, 2018, the day that Plaintiff received her EEOC right-to-sue letter,

2

Plaintiff's counsel, Attorney Martell Harris ("Attorney Harris") emailed Defendant's counsel, Attorney Stephanie Eggar ("Attorney Eggar") the following:

> I am sure by now you got the notice from the EEOC that the DOJ will be issuing the right to sue as it relates to the charge filed last April. . . . [W]ould you agree to a consent motion to amend the order at ECF No. 35 [the memorandum opinion on the motion to dismiss] and answer the remainder of the amended complaint? If so, I can then motion now to amend the complaint to reflect proper exhaustion as indicated in the second part of the order, and we wont (sic) have to cascade discovery.

(ECF No. 113-1 at 3).

On February 6, 2018, Attorney Eggar responded to Attorney Harris's email as follows: "I did get a notice that a right to sue will issue. Let me get back to you on this shortly. So long as the City does not have other bases for dismissal, I have no problem with that approach." (ECF No. 113-1 at 2).

On February 13, 2018, Attorney Eggar further responded to Attorney Harris's email as follows: "The City is willing to Answer the remainder of the Complaint and can do so by March 6. If that amenable, we can file a consent motion." (ECF No. 113-1 at 1).

No motion to amend the complaint, consent or otherwise, came to fruition through these emails. Consistent with Attorney Eggar's email, the Defendant filed an amended answer on March 6, 2019.[4] (ECF No. 47). The amended answer provided material responses to the claims set forth in Counts VIII and IX related to Plaintiff's failure to accommodate claims, and which Defendant previously properly declined to answer. *Id.* at ¶¶ 74-86.

On May 29, 2018, Defendant, with leave of court, filed a second amended answer. (ECF No. 69). The second amended answer also provided material responses for Plaintiff's failure to

---

[4] Defendant's filing of an amended answer was well within the purview of the court's order to file amended pleadings by April 1, 2018.

accommodate claims at Counts VIII and IX in the amended complaint. *Id*. at ¶¶ 74-87.

On August 12, 2019, Defendant submitted a motion for summary judgment. (ECF No. 107). In the motion, Defendant asserts that the court dismissed without prejudice, *inter alia*, Plaintiff's failure to accommodate claims, and that because Plaintiff did not submit an amended complaint, Defendant deemed those claims as not being reinstated and stated that those claims would not be addressed. (ECF No. 107 at ¶ 4).

This prompted Attorney Harris to send the following email present defense counsel, Attorney Emily McNally ("Attorney McNally"):

> Your office specifically agreed to answer and litigate (and did answer and litigate) the claims which you contend we did not reinstate. I have attached the conversation with [Attorney] Eggar below regarding the same. It is substantiated on the docket by ECF No. 47 where it answers the paragraphs previously unanswered in ECF No. 45 due to ECF No. 35. I presume that you now plan to modify your motion to reflect your request to be for partial summary judgment first thing in the morning.

(ECF No. 117-1 at 5).

The same day, Attorney McNally responded as follows:

> I honestly knew nothing about this. I don't know that Kezia [a former attorney representing Defendant] did, either. I need to confer with people here. Why was there no amended complaint filed after the Court granted part of the City's Motion to Dismiss? That would be the proper procedure to reinstate the claims. There is no amended complaint on the docket.

(ECF No. 117-1 at 4).

The same day, Attorney Harris responded as follows:

> The City amended the Answer from ECF 45 to ECF 47 as we agreed to eliminate re-amending the complaint. Subsequent to ECF 47, we engaged in discovery on all those issues that were previously the subject of ECF 35. I absolutely believe that you didn't know previous lead counsel agreed to same[.]

(ECF No. 117-1 at 4).

Thereafter, a flurry of email exchanges ensued between Attorney McNally and Attorney

Harris in which they take the respective positions that the failure to accommodate claims are not part of the case because there is no operative complaint in which they are properly asserted, that the parties agreed not to file an amended complaint and instead agreed to reinstate claims and that Plaintiff relied in good faith on their agreement and Defendant in fact did answer the claims previously dismissed.

On August 14, 2019, Plaintiff filed a motion to amend her complaint. (ECF No. 112). Thereafter, the court entered an order for the plaintiff to submit supplemental briefing on the issues of undue delay and whether the claims sought to be included are time-barred. The parties so submitted such briefing and the matter is ripe for disposition.

## III. DISCUSSION

### a. Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure 15 allows a party to seek leave to amend a pleading without the opposing party's consent and the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Motions to amend under Rule 15 are typically granted liberally, and a court may deny leave to amend only when (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Wolfington v. Reconstructive Orthopaedic Associates II PC*, 935 F.3d 187, 210 (3d Cir. 2019) (internal quotation marks and citations omitted).

Pertinent here is whether an 18-month delay in seeking leave to amend following Plaintiff's notice of the right to sue letter is undue delay, and whether Plaintiff's failure to file an amended complaint within 90 days of receiving the right to sue letter as mandated by 42 U.S.C. § 2000e-5(f)(1) constitutes an expired statute of limitations and therefore amendment would be futile.

i. <u>Undue Delay</u>

A plaintiff is entitled to amend his complaint once by right; all subsequent amendments without the opposing party's written consent may be granted by the court "when justice so requires." Fed. R. Civ. P. 15(a). A court should "freely give" leave to amend, it is not required to do so where it is apparent from the record that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice another party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003), as amended (Jan. 20, 2004).

"While delay alone is insufficient to justify denying leave to amend, 'at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party.'" *Evans v. City of Philadelphia*, 763 Fed. Appx. 183, 185 (3d Cir. 2019) (unpublished) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).

Attorney Harris knew on February 2, 2018 that Counts VIII and IX dismissed by the district court without prejudice to reassert once the administrative process was exhausted, were in fact exhausted on February 2, 2018. He waited until August 14, 2019, 18 months after notice of exhaustion, to file a motion for leave to amend the complaint. The proper course of conduct that Attorney Harris should have taken pursuant to the Federal Rules of Civil Procedure and court order was to seek leave to amend the complaint to include those now-exhausted claims. But, he did not do so, because he alleges he was relying on Attorney Eggar's representation that Defendants agreed to answer the complaint without the need to file an amended complaint on the docket. To complicate things further, Attorney Eggar provided material answers to the now-exhausted claims, without Attorney Harris seeking leave to file, or providing written consent and filing an amended

6

complaint. To be very clear, an agreement between counsel to allow a plaintiff to amend a complaint, without the subsequent filing of that complaint, does not mean that there is an operative amended complaint of record. To so find would render the Federal Rules of Civil Procedure meaningless and would force a court to divine the procedural posture of a case through the whims of counsel. More importantly, counsel cannot stipulate to overturn an order of court. The district court ordered Attorney Harris to seek leave of court to amend his complaint once Counts VIII and IX were exhausted. Attorney Harris seemingly understood this order as evidenced in his first email to counsel after the EEOC right-to-sue letter issued stating to opposing counsel if they agreed to an amendment, he could "motion now to amend the complaint to reflect the proper exhaustion as indicated in the second part of the order[.]" (ECF No. 113-1 at 3). Attorney Harris's current argument that he was relying on defense counsel's agreement to answer the complaint without re-amending shows at best incompetency concerning the Federal Rules of Civil Procedure and at worst is a post-hoc attempt to shift the pleading responsibilities to opposing counsel.

While Plaintiff's last-ditch effort at amendment 18 months after receiving notice of the exhaustion of the administrative process undoubtedly constitutes delay, the court cannot find that the delay is undue, as it does not prejudice Defendants, nor does it place an unwarranted burden on the court.

While Defendant's arguments against amendment are well-taken, the fact of the matter is that they cannot show prejudice when they chose to answer claims that Plaintiffs are now seeking to "officially" add to the record. Likewise, the parties engaged in discovery regarding the claims at Counts VIII and IX. While Defendant has prepared and filed a motion for summary judgment, the court will allow Defendant to file an amended motion and brief to include any arguments regarding Counts VIII and IX. Allowing Plaintiff to amend her complaint at this point would not

place an unwarranted burden on the court, as the court has not yet decided motions for summary judgment, scheduled this case for trial nor has trial commenced. The court is also mindful that denying Plaintiff to amend her claims because of undue delay would be punishing her for the transgressions of her attorney, which under these circumstances, is not in the interests of justice.

b. Futility of Amendment

Although the court has found that Plaintiff's delay was not undue, the court must still address whether amendment would be futile.

A plaintiff alleging employment discrimination through the ADA or Title VII may not file suit without first having exhausted her administrative remedies through the EEOC. Claims are exhausted, *inter alia*, when the EEOC issues a right-to-sue letter. A party has 90 days after notice of the right to sue letter to bring a private action. 42 U.S.C. § 2000e-5(f)(1). The 90-day time period is treated as a statute of limitations. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). As such, it "is subject to waiver, estoppel, and equitable tolling." *Zipes*, 455 U.S. at 393.

Defendant argues that Plaintiff's failure to amend her complaint within 90 days of receiving the EEOC's right to sue letter in February 2018 bars both Counts VIII and IX. Plaintiff argues that the claims she seeks to add in her amendment relate back to the filing of her original complaint under Federal Rule of Civil Procedure 15(c).

Federal Rule of Civil Procedure 15(c) governs the amendments of pleadings and the circumstances in which an amended pleading "relates back to the date of the original pleading[.]" Fed. R. Civ. P. 15(c). In other words, Rule 15(c) allows an amended pleading to "relate back" to the "date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010)

An amendment to a pleading relates back to the original pleading where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – **or attempted to be set out** – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B) (emphasis added). "[T]he touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statute of limitations were intended to provide.' " *U.S. v. Santarelli*, 929 F.3d 95, 101 (3d Cir. 2019) (quoting *Glover v. FDIC*, 698 F.3d 139, 146 (3d Cir. 2012)). As such, "only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amended party proceeds' will relation back be allowed.' " *Glover*, 698 F.3d at 146 (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)).

Plaintiff's claims at Counts VIII and IX concerning Defendant's alleged failure to accommodate relate back to the original pleading, as Plaintiff actually set forth those claims in the amended complaint and the claims arise out of the conduct, transaction, or occurrence set forth in the operative pleading. But for failing to exhaust prior to the filing of the operative complaint, those claims would not have been dismissed without prejudice. Moreover, the touchstone of the relation back doctrine is notice to the opposing party, and Defendant was unequivocally on notice that Plaintiff was seeking to bring these claims on April 20, 2017 when her claims for failure to accommodate were explicitly included in her amended complaint.[5] Not only was Defendant on notice of these claims, it actually answered these claims and conducted discovery in connection with these claims. Thus, the allegations set forth in Plaintiff's motion to amend relate back to her operative complaint pursuant to Federal Rule of Civil Procedure 15(c) and therefore Plaintiff's

---

[5] It could also be said that Defendant was on notice of Plaintiff's claims prior to the filing of the first amended complaint because it received notice of her failure to accommodate claims and allegations by virtue of filing EEOC complaints.

motion is GRANTED. An appropriate Order follows.

## IV. CONCLUSION

Accordingly, it is HEREBY ORDERED as follows:

Plaintiff's motion to amend her complaint (ECF No. 112) is GRANTED. Plaintiff shall file her complaint forthwith.

IT IS FURTHER ORDERED that Defendant's answer to the second amended complaint is due by November 14, 2019.

IT IS FURTHER ORDERED that Defendant and Plaintiff's pending motions for summary judgment and attendant submissions are STRICKEN;

IT IS FURTHER ORDERED that amended motions for summary judgment are due by December 12, 2019. Briefs limited to twenty (20) pages. Responses due by January 13, 2020. Briefs limited to twenty (20) pages. Replies due by January 27, 2020. Briefs limited to five (5) pages.

SO ORDERED.

DATED this 24th day of October, 2019.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge
